IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLTON J. NOVASCONE, | |
| Plaintiff, | 8:19CV201 |
| vs. | |
| NEBRASKA DEPT. OF CORRECTIONAL SERVICES, TIMOTHY CHAMBERLAIN, Medical Director, N.D.C.S.; and DANIEL DANAHER, P.A., N.D.C.S.; | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed a Complaint on May 6, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at the Lincoln Correctional Center ("LCC") under the custody of the Nebraska Department of Correctional Services ("NDCS"). He brings this action pursuant to 42 U.S.C. § 1983 against the NDCS; Dr. Timothy Chamberlain, the NDCS Medical Director ("Dr. Chamberlain"); Daniel Danaher, PA-C ("Danaher"); and Scott Frakes, Director of the NDCS ("Frakes"),[1] in their official capacities for deliberate indifference to his serious medical needs.

---

[1] Plaintiff did not list Frakes in the caption of the Complaint, but Frakes is identified as a "Defendant" in the body of the pleading. (Filing No. 1 at CM/ECF p. 3); *See Miller v. Hedrick,* 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary,*

In his own words, Plaintiff alleges:

> D. Danaher prescribed amoxicillin 875 mg for sinus infection (when in my medical file states I'm allergic to) on 1/8/19. On 1/15/19 at approx. 8:30am I had blood in my vomit and in my stool. I was seen by medical and taken off of meds. On 2/3/19 at approx. 2:30am I again began to have blood in my stool and vomit. I was told to write an inmate request form by medical. I was taken to hospital at 8:30am on 2/3/19. . . .
> . . .
> D. Danaher, P.A. @ LCC and L.C.C. Medical Staff refused to see me or diagnos[e] my symptoms for 48 hours, and when they eventually did see me they did not treat my condition but merely discontinued medication and did not follow up on problem.

(Filing No. 1 at CM/ECF p. 5 (capitalization and punctuation corrected).)

As relief, Plaintiff requests $100,000 in damages "for pain and suffering," and $100,000 in punitive damages "for medical negligence." (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Sovereign Immunity**

Plaintiff sues the NDCS, Dr. Chamberlain, Danaher, and Frakes in their official capacities for damages. However, states or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Thus, the NDCS must be dismissed from this action for failure to state a claim

upon which relief may be granted. Moreover, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims for money damages against Dr. Chamberlain, Danaher, and Frakes in their official capacities are barred by the Eleventh Amendment and must be dismissed.

**B. Deliberate Indifference to Medical Needs**

Because Plaintiff has only sued the defendant NDCS officials in their official capacities, the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, the court will examine Plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs to determine whether Plaintiff should be given an opportunity to amend his Complaint to allege plausible claims for relief against Defendants in their individual capacities.

The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.") (quotations omitted).

To prevail on this claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 106. The deliberate-indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) Defendants knew of, but deliberately disregarded, those needs. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

*Schaub v. Vonwald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (internal quotations and citations omitted).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more than gross negligence, and mere disagreement with treatment decisions does not reach the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted). A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against

5

a prison physician for deliberate indifference under the Eighth Amendment. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

With these standards in mind, the court will grant Plaintiff leave to file an amended complaint that states a plausible Eighth Amendment claim against Defendant Danaher in his individual capacity only. However, Plaintiff will not be given leave to file an amended complaint against Dr. Chamberlain and Frakes as the Complaint fails to set forth any factual allegations suggesting these two Defendants had any personal involvement in Plaintiff's alleged inadequate medical treatment.

"It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). Thus, to the extent Plaintiff seeks relief against Dr. Chamberlain and Frakes based on their supervisory positions over NDCS medical services or NDCS as a whole, Plaintiff has failed to state a claim upon which relief may be granted. Because the Complaint fails to allege Dr. Chamberlain's and Frakes' personal involvement in any constitutional violation and merely names them as Defendants, Plaintiff's claims against them are dismissed for failure to state a claim. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

## IV. OTHER PENDING MOTIONS

Plaintiff filed a "Praecipe for Summons" which the court construes as a motion for summons. ([Filing No. 8](#).) As pled, Plaintiff's Complaint fails to state a claim upon which relief may be granted. This matter will not proceed to service unless so ordered by this court after review of an amended complaint. Accordingly, Plaintiff's motion for summons is denied.

## V. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against any named Defendant. NDCS is not a "person" under § 1983, and Dr. Chamberlain, Danaher, and Frakes, in their official capacities, are immune from suit for damages in federal court under the Eleventh Amendment. In addition, the Complaint fails to state a claim for relief against Dr. Chamberlain and Frakes as it does not allege their personal involvement in unconstitutional action.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states an Eighth Amendment claim against Danaher in his individual capacity only. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his current Complaint and any new allegations. Plaintiff should be mindful to explain what Defendant did to him, when Defendant did it, and how Defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the clerk of the court will provide to him.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of

Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. The Nebraska Department of Correctional Services, Dr. Chamberlain, and Scott Frakes are dismissed from this action.

2. Plaintiff shall have until **December 26, 2019**, to file an amended complaint against Defendant Danaher in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. **Plaintiff should be mindful to explain in his amended complaint what Defendant did to him, when Defendant did it, and how Defendant's actions harmed him.**

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

4. The clerk's office is directed to send to Plaintiff the form prisoner complaint for violation of civil rights.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

6. Plaintiff's pending motion for summons (filing no. 8) is denied.

7. The clerk of the court is directed to set a pro se case management deadline using the following text: **December 26, 2019**: check for amended complaint.

8. The clerk's office is directed to remove Defendants Nebraska Department of Correctional Services and Timothy Chamberlain from this action.

9. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 25th day of November, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge