IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLTON J. NOVASCONE, | |
| Plaintiff, | 8:19CV201 |
| vs. | |
| DANIEL DANAHER, P.A., N.D.C.S.; | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court upon review of Plaintiff's Amended Complaint. ([Filing No. 11](#).) For the reasons explained below, this matter will be permitted to proceed to service of process.

## I. BACKGROUND

On May 6, 2019, Plaintiff, an inmate currently confined at the Lincoln Correctional Center ("LCC"), brought this action pursuant to [42 U.S.C. § 1983](#) against the Nebraska Department of Correctional Services ("NDCS"); Dr. Timothy Chamberlain, the NDCS Medical Director ("Dr. Chamberlain"); Daniel Danaher, PA-C ("Danaher"); and Scott Frakes, Director of the NDCS ("Frakes"), in their official capacities for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

The court conducted an initial review of Plaintiff's Complaint on November 25, 2019. ([Filing No. 10](#).) The court determined Plaintiff's Complaint could not proceed against NDCS as it is not a "person" for purposes of a § 1983 suit and Plaintiff's claims for damages against Dr. Chamberlain, Danaher, and Frakes, in their official capacities, were barred by sovereign immunity. In addition, the court found the Complaint failed to state a claim for relief against Dr. Chamberlain and Frakes as it did not allege their personal involvement in unconstitutional action.

However, the court granted Plaintiff leave to file an amended complaint that states a plausible Eighth Amendment claim against Defendant Danaher in his individual capacity only.

Plaintiff filed his Amended Complaint on December 19, 2019. ([Filing No. 11](#).)

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint names as the sole defendant Daniel Danaher, an NDCS Physician's Assistant, in his individual capacity. Again, Plaintiff claims Danaher was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Specifically, Plaintiff alleges:

> On 1/8/19 prescribed med. On 1/15/19 reported adverse reaction @ 830AM. Problem recurred on 2/3/19 @830AM.
> . . . .
> I was seen by defendant for a sinus infection and he prescribed Amoxicillin as an antibiotic without noting my listed allergy to that medication, and it resulted in internal damage to me, causing me pain and bleeding in my stomach, and perhaps permanent damage. Showed nurse blood in vomit and stool.
> . . . .
> Pain, blood in vomit and stool. Did not receive treatment, medical staff merely discontinued wrong medication after one week. Daniel Danaher refused to see me or dia[g]nose my condition, or follow up on problem. Problem recurred several weeks later, was taken to hospital but not properly treated, and was fearful that medical mistake had caused permanent damage.
> . . . .
> The basis of these claims are that defendant prescribed medication that he [Plaintiff] had a known allergy to, resulting in immense pain, psychological trauma, perhaps lasting damage, and could have potentially died.

([Filing No. 11 at CM/ECF p. 5](#).)

As relief, Plaintiff seeks "$100,000 for pain and suffering" and "$100,000 for deliberate indifference (delay) and negligence (in ignoring allergy to medication prescribed) as punative [sic]." (*Id*.)

### III. DISCUSSION

Plaintiff's Amended Complaint essentially restates the allegations of his original Complaint but omits his claims against the previously dismissed Defendants and the official-capacity claims. Plaintiff only seeks relief against Danaher in his individual capacity for the alleged Eighth Amendment violation.

In accordance with the court's November 25, 2019 Memorandum and Order on initial review, the court finds that Plaintiff's Amended Complaint states a plausible Eighth Amendment claim against Danaher and this matter may now proceed to service of process against Danaher in his individual capacity.

Liberally construing the Amended Complaint, Plaintiff may also be alleging a state-law negligence claim. At this time, the court makes no finding with respect to its jurisdiction over this claim or whether Plaintiff's allegations state a claim upon which relief may be granted. In order to ensure a just and fair resolution of this matter, Plaintiff's state-law claim will be allowed to proceed to service of process against Danaher along with his Eighth Amendment claim.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Eighth Amendment and state-law negligence claims against Defendant Daniel Danaher in his individual capacity may proceed to service of process.

2.     For service of process on defendant Daniel Danaher in his individual capacity, the clerk of the court is directed to complete a summons form and a

USM-285 form for defendant Daniel Danaher using the address "Lincoln Correctional Center, 3216 West Van Dorn Street, Lincoln, NE 68522," and forward them together with a copy of the Complaint (filing no. 1), the Amended Complaint (filing no. 11), a copy of the court's previous memorandum and order on initial review (filing no. 10), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve defendant Daniel Danaher personally in his individual capacity at the Lincoln Correctional Center, 3216 West Van Dorn Street, Lincoln, NE 68522.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[1]

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

5. The clerk of court is directed to set the following pro se case management deadline: **May 6, 2020**: check for completion of service of process.

Dated this 6th day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge