IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLTON J. NOVASCONE, | |
| Plaintiff, | **8:19CV201** |
| vs. | |
| DANIEL DANAHER, P.A., N.D.C.S.; | **MEMORANDUM AND ORDER** |
| Defendant. | |

    This matter is before the court on Defendant Daniel Danaher's ("Danaher" or "Defendant") Partial Motion to Dismiss. (Filing 18.) Defendant seeks dismissal of Plaintiff Colton J. Novascone's ("Novascone" or "Plaintiff") state-law negligence claim for lack of subject matter jurisdiction. For the reasons explained below, the Partial Motion to Dismiss will be granted.

## I. BACKGROUND

    Novascone is an inmate currently confined at the Lincoln Correctional Center ("LCC"). His Amended Complaint (filing 11) alleges two claims against Danaher in his individual capacity: (1) a 42 U.S.C. § 1983 claim for deliberate indifference to Novascone's serious medical needs in violation of the Eighth Amendment and (2) a state-law negligence claim.

    In his Amended Complaint, Novascone alleges that he was seen by Danaher, a Physician Assistant employed by the Nebraska Department of Correctional Services ("NDCS"), for a sinus infection on January 8, 2019 and was prescribed Amoxicillin as an antibiotic for treatment. (Filing 11 at CM/ECF p. 5.) Novascone claims that Danaher prescribed this medication without noting his listed allergy to that medication. (*Id*.) Novascone asserts the medication caused him pain, internal damage, and bleeding in his stomach. (*Id*.) Novascone further claims that on or

about January 15, 2019, he reported that the medication caused him pain and that he was experiencing blood in his vomit and stool. (*Id*.) Novascone contends he did not receive treatment for this, but rather the medication was merely discontinued after one week. (*Id*.) Novascone further alleges Danaher refused to see him, diagnose his condition, or follow up on the problem. (*Id*.) Several weeks later, the same problem allegedly occurred and resulted in Novascone being taken to a hospital. (*Id*.) Novascone claims that he was not properly treated while at the hospital either. (*Id*.)

On April 20, 2020, Danaher filed his Partial Motion to Dismiss (filing 18) and a supporting brief (filing 19) seeking dismissal of Novascone's state-law negligence claim pursuant to Fed. R. Civ. P. 12(b)(1). Novascone did not file a response to the motion.

## II. DISCUSSION

Danaher moves to dismiss Novascone's state-law negligence claim pursuant to the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. §§ 81-8,209, *et seq*., which provides in part: "The State of Nebraska shall not be liable for the torts of its . . . employees, and no suit shall be maintained against the . . . employee . . . on any tort claim except to the extent, and only to the extent, provided by the State Tort Claims Act." Neb. Rev. Stat. § 81-8,209. A "tort claim" under the STCA is "any claim against an employee of the state for money only on account of . . . personal injury . . . caused by the negligent or wrongful act or omission of the employee while acting within the scope of his or her employment." Neb. Rev. Stat. § 81-8,210(4).

Here, Novascone's claims are clearly based on actions taken by Danaher during the course and scope of his employment. Therefore, Novascone is limited to asserting state-law claims against Danaher in his official capacity under the STCA, and his individual capacity state-law negligence claim must be dismissed. *See Bohl v. Buffalo County*, 557 N.W.2d 668, 673 (Neb. 1997) (if off-duty police

2

officer was acting within the scope of his employment, the Tort Claims Act would apply and bar a suit against the officer in his individual capacity); *Bojanski v. Foley*, 798 N.W.2d 134, 144 (Neb. App. 2011) (State Tort Claims Act provides immunity when defendant is sued in his individual capacity, but is acting within the scope of his employment or office, unless such immunity has been waived); *Guerry v. Frakes*, No. 8:15CV323, 2016 WL 4991501, at *2 (D. Neb. Sept. 16, 2016) (pursuant to State Tort Claims Act, state-law claims against prison officials in their individual capacities dismissed because plaintiff's claims were based on conduct occurring during the course and scope of their employment).

Moreover, "[s]ection 81-8,209 of the STCA bars tort claims against the State, its agencies, and its employees unless the State has waived its immunity for the claim." *Davis v. State of Neb.*, 902 N.W.2d 165, 180 (Neb. 2017). The STCA grants exclusive jurisdiction over those claims to "the district court of the county in which the act or omission complained of occurred . . . ." Neb. Rev. Stat. § 81-8,214. Consequently, any waiver of the State's sovereign immunity in the STCA "does not extend to actions brought in federal court." *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017); *see Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *6 (D. Neb. May 1, 2018) (no subject-matter jurisdiction over STCA claim); *Guerry*, 2016 WL 4991501, at *3 (dismissing without prejudice state-law claims alleged against NDCS and NDCS employees in their official capacities). "State sovereign immunity bars actions in federal court regardless of the basis for otherwise appropriate subject matter jurisdiction." *Montin*, 846 F.3d at 293; *see Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002) (holding the Eleventh Amendment bars actions in federal court even where 28 U.S.C. § 1367, in general, authorizes supplemental jurisdiction). Thus, Novascone must bring his state-law negligence claim against Danaher in state court.

In summary, because Danaher is an employee of NDCS (a state agency), and because any alleged tortious conduct attributed to him was carried out within the scope of his employment, any tort claim against Danaher must be brought under the STCA in his official capacity. Moreover, because the STCA provides exclusive

jurisdiction for such cases in Nebraska's state district courts, and because Nebraska has not waived its sovereign immunity for negligence suits in federal court through the STCA, this court cannot exercise subject-matter jurisdiction over Novascone's state-law negligence claim. As such, Novascone's state-law claim will be dismissed.

IT IS THEREFORE ORDERED that:

1. Defendant's Partial Motion to Dismiss (filing 18) is granted.

2. Plaintiff's state-law negligence claim against Defendant in his individual capacity is dismissed with prejudice.

3. To the extent Plaintiff alleges a state-law negligence claim against Defendant in his official capacity, such claim is dismissed without prejudice to reassertion in state court.

4. Within 14 days of the date of this order, Defendant shall file an answer to the Amended Complaint. Thereafter, the court will enter a progression order.

5. The clerk of the court is directed to set a pro se case management deadline using the following text: **December 23, 2020**: deadline for Defendant's answer.

Dated this 9th day of December, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge