IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLTON J. NOVASCONE,<br><br>                Plaintiff,<br><br>vs.<br><br>DANIEL DANAHER, P.A., N.D.C.S.;<br><br>                Defendant. | **8:19CV201**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Plaintiff's Motion for Reconsideration. (Filing 24.) Plaintiff asks the court "to reconsider the dismissal of his complaint" based on his incarceration and his "lack of legal education" regarding the necessity to sue Defendant in his official capacity. (*Id.*)

      In the court's December 9, 2020 Memorandum and Order, the court granted Defendant's Partial Motion to Dismiss and dismissed Plaintiff's state-law negligence claim against Defendant in his individual capacity with prejudice. (Filing 21.) Additionally, to the extent Plaintiff alleged a state-law negligence claim against Defendant in his official capacity, the court dismissed such claim without prejudice to reassertion in state court. As the court explained in the December 9, 2020 Memorandum and Order, Plaintiff is limited to pursuing relief for any *state-law negligence claims* against Defendant *in his official capacity only*, and Plaintiff must pursue such claims *in state court* pursuant to the provisions of the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. §§ 81-8,209, *et seq.*

      To be clear, the court did not dismiss Plaintiff's Amended Complaint in its entirety. The court only dismissed Plaintiff's state-law negligence claim. Plaintiff

is free to pursue his state-law claim against Defendant in his official capacity in the appropriate state forum.[1]

This matter will proceed on Plaintiff's remaining 42 U.S.C. § 1983 claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The next step in this case is for Defendant to file an Answer to the Amended Complaint by December 23, 2020, after which the court will enter a progression order addressing discovery deadlines and progressing this case to final resolution.

Accordingly, and for the reasons set forth in the court's December 9, 2020 Memorandum and Order (filing 21),

IT IS ORDERED that: Plaintiff's Motion for Reconsideration (filing 24) is denied.

Dated this 18th day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] If Plaintiff wishes to pursue his state-law claim, he should be mindful of any limitations periods that may be applicable to his claim. *See, e.g.*, Neb. Rev. Stat. § 81-8,227(1) ("Except as provided in subsection (2) of this section, every tort claim permitted under the State Tort Claims Act shall be forever barred unless within two years after such claim accrued the claim is made in writing to the Risk Manager in the manner provided by such act.").