IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLTON J. NOVASCONE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL DANAHER, P.A., N.D.C.S.;<br><br>　　　　　Defendant. | 8:19CV201<br><br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the court on Plaintiff's Motion for Appointment of Counsel. (Filing 29.) This case is still in its early stages, and it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. The facts underlying Plaintiff's claims are not complex, nor are the legal arguments regarding those claims. Further, the court notes that Plaintiff has been able to file clear and understandable materials with the court, indicating his basic ability to present his claims. Thus, Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013) (district court did not abuse its "considerable discretion" in denying inmate's motion for appointment of counsel in § 1983 action against correctional officers and nurse for excessive force and deliberate indifference to serious medical need;

neither underlying facts nor legal arguments were so complex as to require appointment of counsel, and defendant's well-written filings with court indicated his basic ability to state claims); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)).

IT IS THEREFORE ORDERED that: Plaintiff's Motion for Appointment of Counsel (filing 29) is denied without prejudice to reassertion.

Dated this 11th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge