IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLTON J. NOVASCONE,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL DANAHER, P.A., N.D.C.S.;<br><br>Defendant. | **8:19CV201**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's "Praecipe for Subpoena Duces Tecum" (filing 43) (hereinafter "Praecipe"), which the court construes as a motion for subpoena duces tecum, and Defendant's Objection to Plaintiff's Praecipe (filing 44).

## I. BACKGROUND

Plaintiff filed his Praecipe in this court on May 17, 2021. In his Praecipe, Plaintiff asks the court to issue a subpoena duces tecum and deliver it to the United States Marshal for service upon three entities: Bryan West Hospital, the Nebraska Correctional Youth Facility, and the Lincoln Correctional Center. Plaintiff seeks to have each entity produce and mail to Plaintiff "testings, results of testings, opinions, notes, follow-up notes, diagnoses and all medical records pertaining to the Plaintiff" pursuant to Federal Rule of Civil Procedure 45. (Filing 43 at CM/ECF pp. 1, 3, 5.)

On May 24, 2021, Defendant filed his Objection to Plaintiff's Praecipe pursuant to NECivR 45.1(b). (Filing 44.) Defendant objects to the issuance of the subpoenas because Plaintiff's requests constitute an undue burden and expense as provided in Rule 45(d)(1). Defendant states that Plaintiff seeks medical records from the Lincoln Correctional Center, the Nebraska Correctional Youth Facility,

and an outside medical provider (Bryan West Hospital) that saw Plaintiff during his time in the Nebraska Department of Correctional Services ("NDCS") custody. Defendant contends that such records, to the extent NDCS has possession of them, are already available for Plaintiff's inspection by following NDCS Policy 115.03, which provides, in part:

> [A] patient may obtain access to or copies of his/her NDCS health care record, which will include the medical, dental, and eye clinic records.
>
> Pursuant to Nebraska Revised Statute §83-178, a patient or legal representative of the patient may obtain access to the patient's NDCS health care record. . . . A patient may request to examine his/her personal health care record by submitting a written Interview Request form to the facility's Medical Department.

(Filing 44-2 at CM/ECF p. 4.)[1] Within 10 days of receiving the request, NDCS will make the records available for examination during regular business hours for 30 minutes per appointment. (*Id*. at CM/ECF p. 5.) If additional time is needed to review the records, a longer appointment or additional appointments will be scheduled. (*Id*.) Copies of authorized portions of an inmate's medical record can be made at the written request of the inmate with the specific pages identified, along with payment of $.10 per copy. (*Id*. at CM/ECF p. 6.) Patients are permitted "to write an insufficient fund institutional check for copies of their health care records." (*Id*. at CM/ECF p. 7.)

## II. DISCUSSION

> In general, the procedure for procuring compliance with a third-party subpoena is as follows. Under the Local Rules of Practice, NECivR 45.1(a), the party or parties requesting third-party discovery . . . must begin by serving notice to the other parties . . . of their

---

[1] Defendant filed a properly authenticated copy of NDCS Policy 115.03 with his Objection. (Filing 44-1; Filing 44-2.) *See* NECivR 7.1(b)(2)(C).

intention to serve the third-party subpoena (*see* Fed.R.Civ.P. 45(b)(1)). The notice must state "the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue." NECivR 45.1(a). The adverse parties then have 7 days to serve written objections to the proposed subpoena. NECivR 45.1(b).

If objections are served, then the proposed subpoena may not be issued until all objections are resolved by the court; however, the court will not rule on any objections unless a party files an appropriate motion in accordance with NECivR 7.1.

*Lewton v. Divingnzzo*, No. 8:09CV2, 2010 WL 4530369, at *1 (D. Neb. Nov. 2, 2010).

Here, Plaintiff did not serve notice to Defendant of his intent to serve a Rule 45 subpoena. However, Plaintiff's Praecipe filed with the court could be liberally construed as "Notice to Adverse Party" as required by NECivR 45.1(a), and, with that understanding, Defendant has filed[2] and served an Objection on Plaintiff. As the court is treating Plaintiff's Praecipe as a motion for issuance of the subpoenas, the court will now resolve that motion and Defendants' objection.

Defendant objects to issuance of the subpoenas under Federal Rule of Civil Procedure 45(d)(1) which provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty . . . ." Fed. R. Civ. P. 45(d)(1).

---

[2] "Objections under NECivR 45.1(b) are to be served on the party proposing service of third party subpoenas. These objections need not be and are not typically filed of record with the court except as evidence in support of an unresolved motion for protective order or to compel compliance with the subpoenas." *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, No. 8:10CV187, 2018 WL 5980973, at *5 n.3 (D. Neb. Nov. 14, 2018).

In addition to enforcing compliance with Rule 45(d)(1), the court has the "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir.1980) (per curiam). "This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties." *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009) (citing *Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir.1985)).

Upon careful consideration, the court finds that Plaintiff's request for issuance of third-party subpoenas should be denied. First, Plaintiff's Praecipe does not identify a person to whom it is directed and does not specify a time in which the person must provide the requested records. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). More importantly though, the court agrees with Defendant that Plaintiff's request is unduly burdensome as the records Plaintiff seeks are voluminous and readily available for inspection by Plaintiff in accordance with the procedure set forth in NDCS Policy 115.03. If there are records Plaintiff seeks to inspect that are not within NDCS' possession, then Plaintiff may seek production of such records from the person having control of them. However, Plaintiff must fully comply with Fed. R. Civ. P. 45 and NECivR 45.1 in seeking discovery from a third party.[3]

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Praecipe for Subpoena Duces Tecum (filing 43), construed as a motion, is denied.

2.    Defendant's Objection (filing 44) to Plaintiff's Praecipe is granted.

---

[3] The parties should also be mindful of their obligation to confer and consult with each other to resolve any discovery related differences before seeking the court's intervention. *See* NECivR 7.1(i).

Dated this 1st day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge