IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

COLTON J. NOVASCONE,

                    Plaintiff,

          vs.

DANIEL DANAHER, P.A., N.D.C.S.;

                    Defendant.

**8:19CV201**

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Funds to Obtain Expert (filing 51) and Defendant's Motion to Extend Deadline to File Dispositive Motions (filing 52).

## I. MOTION FOR FUNDS TO OBTAIN EXPERT

Plaintiff asks the court for "funds to obtain an expert to testify and assess Plaintiff's medical records and known allergies." (Filing 51 at CM/ECF p. 2.) Plaintiff claims that Defendant prescribed Plaintiff Amoxicillin, that Plaintiff is allergic to Amoxicillin, and that Plaintiff suffered adverse reactions consistent with Amoxicillin reactions as a result.

Liberally construed, Plaintiff presumably wishes the court to appoint an expert pursuant to Federal Rule of Evidence 706.[1] The rule authorizes the court to appoint an expert witness to testify in an action and order reasonable compensation

---

[1] The fact that Plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 does not entitle him to court payments for witness fees and expenses. *See U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) ("The plain language, statutory context and legislative history of 28 U.S.C. § 1915 convince us that the statute neither expressly nor implicitly authorizes the payment of the witness fees and expenses as ordered by the district court."). Moreover, Plaintiff fails to allege that he is personally without sufficient funds to pay for an expert.

be paid to the witness by the parties, in such proportion as the court directs. Fed. R. Evid. 706(a), (c).

> Courts have considerable discretion in deciding whether to appoint an expert pursuant to Rule 706 and in apportioning costs under that provision when one party is indigent. *See Severance v. Chastain*, No. 4:15-CV-74 CAS, 2018 WL 1251915, at *2 (E.D. Mo. Mar. 12, 2018) (citing cases). Nevertheless, courts rarely exercise their authority under Rule 706, requiring extraordinary and compelling circumstances to justify appointing an expert witness under this rule. *See Malady v. Corizon*, No. 1:13CV80 SNLJ, 2013 WL 5835995, at *1–2 (E.D. Mo. Oct. 30, 2013) (citing *In re Joint Eastern and Southern Districts Asbestos Litigation*, 830 F. Supp. 686, 693 (E. & S.D.N.Y. 1993)) (citing Fed. R. Evid. 706, Advisory Comm. Note ("experience indicates that actual appointment is a relatively infrequent occurrence")); *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984) (court should appoint an expert witness only under compelling circumstances) (subsequent history omitted).

*Houston v. Corizon Health Care*, 513 F. Supp. 3d 1100, 1100–01 (E.D. Mo. 2021), *reconsideration denied*, No. 4:20-CV-00291-JAR, 2021 WL 1616201 (E.D. Mo. Apr. 26, 2021).

Here, Plaintiff has not shown compelling circumstances warranting the appointment of an expert witness. His claim for relief concerns Defendant's prescription of a medication to which Plaintiff is allergic and the resulting adverse effects. Proof in this case will rely on Plaintiff's medical records, and Plaintiff is able to testify to the effects he experienced from the prescribed medication. Because the purpose of Rule 706, to assist the factfinding of the court, would not be served by appointing Plaintiff a court-appointed expert at this point in the proceedings, the motion will be denied without prejudice.

## II. MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE

Defendant seeks a 60-day extension of time for the parties to file dispositive motions, which would extend the deadline from October 14, 2021, to December 13, 2021. Defendant intends to file a dispositive motion but requires additional time to retain an expert and have the expert prepare a report. Plaintiff's motion for a court-appointed expert also suggests that Plaintiff needs additional time to prepare and would not be prejudiced by Defendant's requested extension. Thus, upon careful consideration, the court will grant Defendant's motion and extend the deadline for dispositive motions to December 13, 2021.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Motion for Funds to Obtain Expert (filing 51) is denied without prejudice.

2.     Defendant's Motion to Extend Deadline to File Dispositive Motions (filing 52) is granted. The deadline for filing dispositive motions is extended from October 14, 2021, to December 13, 2021.

3.     The Clerk of Court is directed to set a pro se case management deadline using the following text: **December 13, 2021**: deadline to file dispositive motions.

Dated this 27th day of October, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge